```
                              United States Bankruptcy Court
                              Middle District of Pennsylvania
In re:                                                              Case No. 14-03148-MDF
Evelyn S. Quigley                                                   Chapter 13
         Debtor               CERTIFICATE OF NOTICE
District/off: 0314-1          User: TWilson           Page 1 of 1           Date Rcvd: Jul 14, 2016
                              Form ID: 3180W          Total Noticed: 17
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jul 16, 2016.
```
db             +Evelyn S. Quigley,    13378 Mt. Olivet Road,    Stewartstown, PA 17363-8426
crc            +Cyrus H. Quigley,    4436 County Road 4,    Boaz, AL 35957-8325
4549249        +Bank of America, N.A.,    c/o KML Law Group, P.C.,    701 Market Street, Suite 5000,
                 Philadelphia, PA 19106-1541
4514985        +Cyrus H. Quigley,    4436 Country Road, Route 4,    Boaz, AL 35957-8325
4568006        +Cyrus Quigley,    4436 Country Road 4,    Boaz, Alabama 35957-8325
4520502        +First National Bank of Omaha,    4885 South 118th Street, Suite 100,    Omaha, NE 68137-2241
4514986        +First National Bank of Omaha,    c/o Jaffe & Asher LLP,    11 East Market Street, Suite 102,
                 York, PA 17401-1263
4514987        +James G. Keenan, Esquire,    Hoffmeyer & Semmelman, LLP,    30 N. George Street,
                 York, PA 17401-1214
4517360        +PNC BANK N.A.,    PO BOX 94982,    CLEVELAND, OH 44101-4982
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
4514983         EDI: BANKAMER.COM Jul 14 2016 19:08:00      Bank of America Home Loans,    PO Box 5170,
                 Simi Valley, CA 93062-5170
4514984         EDI: CITICORP.COM Jul 14 2016 19:08:00      Citi,   PO Box 6004,    Sioux Falls, SD 57117-6004
4514988         E-mail/Text: unger@members1st.org Jul 14 2016 19:11:04      Members 1st Federal Credit Union,
                 5000 Louise Drive,    PO Box 40,    Mechanicsburg, PA 17055-0040
4514989         EDI: NESF.COM Jul 14 2016 19:08:00      PNC Bank,    c/o National Enterprise Systems,
                 29125 Solon Road,    Solon, OH 44139-3442
4522632         EDI: RECOVERYCORP.COM Jul 14 2016 19:08:00      Recovery Management Systems Corporation,
                 25 S.E. 2nd Avenue, Suite 1120,    Miami, FL 33131-1605
4514990         EDI: CHASE.COM Jul 14 2016 19:08:00      Slate from Chase,    PO Box 15298,
                 Wilmington, DE 19850-5298
4522743         EDI: RMSC.COM Jul 14 2016 19:08:00      Synchrony Bank,    Recovery Management Systems Corp,
                 25 SE 2nd Avenue, Suite 1120,    Miami, FL 33131-1605
4556323         EDI: ECAST.COM Jul 14 2016 19:08:00      eCAST Settlement Corporation assignee of Citibank,
                 (South Dakota) NA,    POB 29262,    New York NY 10087-9262
                                                                                              TOTAL: 8

               ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 16, 2016                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on July 14, 2016 at the address(es) listed below:
```
              Charles J. DeHart, III (Trustee)    dehartstaff@pamd13trustee.com, TWecf@pamd13trustee.com
              Deirdre    Sullivan    on behalf of Cross-Claimant Cyrus H. Quigley Dsullivera@gmail.com,
               DeirdreSullivanEsquire@gmail.com
              Joshua I Goldman    on behalf of Creditor    BANK OF AMERICA, N.A. bkgroup@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              Melissa L. Van Eck    on behalf of Cross-Claimant Cyrus H. Quigley mvaneck@dzmmlaw.com,
               awolfe@dzmmlaw.com
              Michael R Caum    on behalf of Debtor Evelyn S. Quigley mikecaumesq@comcast.net
              Recovery Management Systems Corporation    claims@recoverycorp.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                             TOTAL: 7
```

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Evelyn S. Quigley** | Social Security number or ITIN xxx–xx–3071 |
| | First Name  Middle Name  Last Name | EIN __–_____ |
| Debtor 2 (Spouse, if filing) | | Social Security number or ITIN ____ |
| | First Name  Middle Name  Last Name | EIN __–_____ |
| United States Bankruptcy Court  **Middle District of Pennsylvania** | | |
| Case number: **1:14–bk–03148–MDF** | | |

# Order of Discharge 12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Evelyn S. Quigley

**By the court:** *Mary D. France*

July 14, 2016

Honorable Mary D. France
United States Bankruptcy Judge

By: TWilson, Deputy Clerk

---

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)(C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**